IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE G. STONE,

     Petitioner,                       No. CIV S-06-1712 DFL CMK P

    vs.

K. PROSPER, Warden,

     Respondent.                    FINDINGS & RECOMMENDATIONS

                                    /

        Petitioner is a state prisoner proceeding in forma pauperis and without counsel in this application for a writ of habeas corpus. Respondent has filed a motion to dismiss the petition on the grounds that petitioner has failed to exhaust his habeas claim in the California Supreme Court. Petitioner has not filed a response.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton
2  v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

3        Petitioner was convicted by a jury of grand theft and admitted a prior conviction
4  under the three strikes law and to prior prison term enhancements.  He was sentenced to a term
5  of six years.  He filed a petition for direct review, which was eventually presented to the
6  California Supreme Court.  The California Supreme Court denied the petition for direct review
7  on July 12, 2006.

8        In his sole federal habeas claim, petitioner alleges that his admission of the prior
9  convictions was not sufficient for the court to impose the two year prior prison enhancement.
10 (Am.Pet. at 5.)  In his "Amended Attachment of Supporting Facts for Writ of Habeas Corpus, "
11 petitioner indicates that he "responded to the court's questions regarding admissions of prior
12 convictions with sounds of "um-hmm,' 'Hu-huh,' or what appeared to be a nodding of the head."
13 He goes on to suggest that the court "erroneously construed these sounds and actions" as his
14 "understanding of the questions and as unequivocal admissions" and that these actions and
15 sounds are not valid admissions.  (Am. Pet, Am. Attach. at *7.)

16       Petitioner did present a claim to the California Supreme Court challenging the
17 validity of his prior prison term allegation.  However, he did so on entirely different
18 grounds—petitioner argued that he was not asked to admit elements of the enhancement
19 indicating that he had served a prior prison term and had failed to remain free for five years of
20 both prison custody and the commission of an offense that resulted in a felony conviction.  (Mot.
21 to Dismiss, Ex. E at 9.)

22       The court finds that the claim presented to the California Supreme Court is
23 entirely different from the claim presented here in petitioner's federal petition.   Petitioner has
24 not provided the highest state court with a full and fair opportunity to consider his claim prior to
25 presenting it to the federal court; therefore, he has not satisfied the exhaustion requirement.
26

See Picard, 404 U.S. at 276; Middleton, 768 F.2d at 1086, cert. denied, 478 U.S. 1021 (1986). Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

      IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (doc. 9) be granted and that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

      These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2006.

                        /s/ Craig M. Kellison
                        **CRAIG M. KELLISON**
                        UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3